# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL 1998 SESSION

JOHN DERRICK COLEMAN,    )
           )
    Petitioner,    )    C. C. A. NO. 02C01-9707-CR-00291
           )
vs.    )    GIBSON COUNTY
           )
STATE OF TENNESSEE,    )    No. 2795
           )
    Respondent.    )

**FILED**

**April 23, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. The petitioner originally filed his petition in September 1994. The trial court dismissed the petition without a hearing and without appointing counsel. On appeal, concluding that the trial court should have appointed counsel, allowed counsel to file an amended petition, and, if necessary, afford the petitioner a hearing on his petition, this Court reversed and remanded the order of the trial court. Coleman v. State, No. 02C01-9505-CC-00122 (Tenn. Crim. App., Apr. 17, 1996). On remand, after appointing counsel and hearing the merits of the petition, the trial court again dismissed the petition. The petitioner, by and through counsel, filed a notice of appeal to this Court.

The petitioner alleges that trial counsel was ineffective and that the post-conviction court's actions and statements prejudiced the petitioner's case. The petitioner, however, has failed to include the transcript of the post-conviction hearing in the record on appeal. T.R.A.P. 24(b). In such a case, the petitioner has waived the affected issues and this Court, therefore, is precluded from conducting an appropriate review on appeal. See State v. Ballard, 855 S.W.2d 557 (Tenn. 1993). Accordingly, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

For this reason, we are unable to find any error in the proceedings below. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Since the record reflects that the petitioner is indigent, costs of this proceeding shall be assessed to the state.

Enter, this the ___ day of April, 1998.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
WILLIAM M. BARKER, JUDGE